RAWLS, JOHN S., Associate Judge.
The sole point posed by this appeal is whether appellee is an heir of the estate of Mario Tojeiro.
The record upon which we must base our judgment consists of the deposition of one, Ana C. Tojeiro; a page and a half document entitled “Stipulated Facts of Hearing Held on December 13, 1973”; and the Cuban birth certificate and Cuban baptism records of appellee.
The uncontroverted facts contained in these documents reveal that in Havana, Cuba, in the year 1937 Secundina Ramos met and entered into a common-law marriage with decedent, Mario Tojeiro. A baby girl, appellee, was bom to decedent and Secundina Ramos on July 18, 1941, in Havana, Cuba. Appellee’s mother and decedent procured a birth certificate for ap-pellee, and in so doing, the names of Se-cundina Ramos and decedent were given to the Official Registry in Cuba as the mother and father respectively of the baby girl. Appellee’s mother and decedent took appel-lee to a church for a ceremony of baptism. Thereafter, the relationship between Se-cundina Ramos and decedent ended but decedent continued to see his “daughter”, ap-pellee. In her deposition, Ana C. Tojeiro (who is styled in these proceedings as the widow of decedent), acknowledges that ap-pellee is decedent’s daughter.[1]
The deposition further reveals that on June 11, 1955, Ana married decedent in Havana, Cuba. The couple resided in Cuba and two children were horn of the union. In 1960, in Cuba, Ana and decedent divorced but apparently continued to cohabitate. Decedent came to Miami, Florida, in 1961 followed by Ana and the two children later in 1961 or 1962. Decedent, Ana and the two children resided to *368 gether in Miami from the time of their arrival until decedent’s death. During this time a third child was born to the union.
Appellants argue that even though the paternity of Rosa Marina Tojeiro, appellee, is admitted that she cannot inherit from her father’s estate as she is illegitimate and no writing “ . . . signed in the presence of a competent witness, acknowledge [d] himself to be the father . ” has been adduced as required by Florida Statute 731.29(1).[2] We disagree. The facts in the record of this case certainly do not establish that appellee is illegitimate. For this reason the cited statute is not applicable to the case at bar.[3]
The judgment appealed is affirmed.

. In the Stipulated Facts of Hearing and in the deposition of Ana C. Tojeiro, appellee is referred to as the daughter of decedent, Mario Tojeiro.

. F.S. § 731.29(1) (1971) states: “Every illegitimate child is an heir of his mother, and also of the person who, in writing, signed in the presence of a competent witness, acknowledges himself to be the father. Such illegitimate child shall inherit from his mother and also, when so recognized, from his father, in the same manner as if the child had been born in lawful wedlock. However, such illegitimate child does not represent his father or mother by inheriting any part of the estate of the parents’ kindred, either lineal or collateral, unless his parents have intermarried, in which event such illegitimate child shall be deemed legitimate for all purposes.”

. We noted that In re Estate of Caldwell, 247 So.2d 1 (Fla.1971), does not control this case as it has not been established that appellee is illegitimate.